UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ron Lass,<br><br>                Plaintiff,<br><br>v.<br><br>Hunter Warfield, Inc.<br>c/o Illinois Corporation Service Corp.<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703,<br><br>                Defendant. | Case No.<br><br><br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br><br>**Jury Demand Included** |

Now come Plaintiffs, by and through their attorneys, and for their Complaint, allege as follows:

## JURISDICTION AND VENUE

1- Plaintiffs bring this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Defendants practices under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2- This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, 15 U.S.C. § 1692k(d) (FDCPA).

3- Venue in this District is proper because defendant transacts business here.

## PARTIES

4- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

5- Plaintiff is a resident of the State of the Illinois.

6- Defendant is a private entity with its principal office in the State of Florida.

7- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

8- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

9- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

10- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

## FACTS

11- On April 14, 2014, Plaintiff filed a voluntary bankruptcy petition that included the Debt.

12- On June 13, 2014, Plaintiff amended his bankruptcy schedules to specifically include Defendant.

13- On or around June 13, 2014, Defendant received notice of Plaintiff's bankruptcy.

14- Despite having notice of the bankruptcy, in 2015, Defendant telephoned Plaintiff at least 3 times thereafter to collect the Debt.

15- Defendant damaged Plaintiff.

16- Defendant violated the FDCPA.

## COUNT I

17- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

18- Defendant violated 15 USC § 1692e(2) by attempting to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy, thereby misrepresenting the legal status of the debt.

## COUNT II

19- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20- Defendant violated 15 USC § 1692e(10) by falsely representing to Plaintiff that it could collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## COUNT III

21- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22- Defendant violated 15 USC § 1692f by unfairly and unconscionably trying to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## COUNT IV

23- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24- Defendant violated 15 USC § 1692c(a)(2) by communicating with a consumer after Defendant knew, or should have known, that Plaintiff was represented by an attorney regarding the debt.

## JURY DEMAND

25- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26- Plaintiff prays for the following relief:

   a- Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b- Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c- Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d- Any other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        Meier LLC

        By: */s/ Richard J. Meier*
        Richard J. Meier, Esq.
        53 W. Jackson Blvd, Suite 304
        Chicago, IL 60604
        Tel: 312-242-1849
        Fax: 312-242-1841
        richard@meierllc.com
        *Attorney for Plaintiff*